IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANDREW P. LAMMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-0158-CV-W-ODS |
| ) | |
| SIRFREDO E. RAMIREZ RODRIGUEZ, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION REMANDING CASE DUE TO LACK OF JURISDICTION

On February 2, 2015, Plaintiff Andrew Lamming ("Plaintiff") originally filed this action in state court against Prestige Maintenance USA, Ltd., Prestige Maintenance USA Janitorial Supply, LLC, Sifredo E. Ramirez, and Does #1 through #5. Doc. #1-2. On March 4, 2015, Defendants Prestige Maintenance USA, Ltd. and Prestige Maintenance USA Janitorial Supply, LLC ("Prestige Defendants") removed the case to federal court asserting diversity of citizenship as the basis for jurisdiction. Doc. #1. However, the Court's review of the state court petition revealed complete diversity of citizenship may be lacking because the state court petition asserts Plaintiff and Defendant Sifredo Rodriguez's ("Defendant Rodriguez") both reside in Missouri. Doc. #1-2.

To determine if this Court has subject matter jurisdiction based on diversity of citizenship, the Court ordered Plaintiff and the Prestige Defendants to brief the issue of Rodriguez's citizenship. Doc. # 4, Doc. #8. The matter is now fully briefed. The Court has reviewed the parties' arguments and finds subject matter jurisdiction does not exist. Accordingly, the Court remands this action to state court for all further proceedings.

Legal Standard

The party invoking federal jurisdiction bears the burden of demonstrating it exists. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Thus, the Prestige Defendants bear the burden in this case. Factual matters such as the citizenship of the parties must

be established by the preponderance of the evidence. *Id.*, *see also In re Prempro Products Liability Litigation*, 591 F.3d 613, 620-21 (8th Cir. 2010). When diversity jurisdiction is asserted, complete diversity of citizenship must exist. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re Prempro Products Liability Litigation*, 591 F.3d at 620-21. Further, complete diversity must exist at the time of filing of the state court petition. *See Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 975-76 (8th Cir. 2011). A party's "[c]itizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely." *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005) (citation omitted). Factors to consider in determining a party's citizenship include, but are not limited to, where that party resides, votes, banks, possesses a driver's license, seeks medical treatment, pays taxes, and works. *Id.* at 769. Finally, a party "remains a citizen of [a] state until he legally acquires a new state of citizenship." *Id.*

## Discussion

The parties do not dispute that Plaintiff is a citizen of Missouri or that the Prestige Defendants are not citizens of Missouri. Thus, the Court's inquiry focuses on Defendant Rodriguez's citizenship.

Plaintiff asserts that at some point prior to Plaintiff filing the state court petition, Defendant Rodriguez was domiciled in Missouri. Until three months ago, Defendant Rodriguez had a bank account in Missouri. Doc. #14-3. As recently as September 2014, Defendant Rodriguez resided at 5203 Oak Leaf Drive, Kansas City, Missouri.[1] Doc. #14-4. Defendant Rodriguez carried out work duties in Missouri. Doc. #1-2. A LexisNexis Advanced Person Search Result search suggests Defendant Rodriguez resided in Missouri since May 2013.[2] Doc. #12-4. He had an Illinois driver's license in March 2013 and appears to have maintained that driver's license until at least August 2014. Doc. #14-1, Doc. #12-2. In considering the factors outlined in *Altimore*, the Court

---

[1] An employee of the Prestige Defendants appears to have provided 5203 Oak Leaf Drive, Kansas City, Missouri as Defendant Rodriguez's address to law enforcement officials. Doc. #12-2.
[2] Defendant Rodriguez appears to have applied for and ultimately been hired by the Prestige Defendants in March 2013. Doc. #14-2.

2

finds Defendant Rodriguez was domiciled in Missouri prior to the filing of the state court petition. *See Altimore v. Mount Mercy College*, 420 F.3d at 769. Thus, the question becomes whether Defendant Rodriguez's domicile had changed at the time of filing of the state court petition.

The Prestige Defendants contend Defendant Rodriguez was not domiciled in Missouri at the time of filing. Instead, they contend they have adduced evidence Defendant Rodriguez is domiciled in either Florida or Illinois. The Court does not find there is sufficient evidence that Defendant Rodriguez was domiciled in Illinois at the time of filing. The evidence the Prestige Defendants present in support of this contention is that in March 2013 – before Defendant Rodriguez was hired by the Prestige Defendants to work in the Kansas City area – he listed an Illinois address in his employment application and that he had an Illinois driver's license. Doc. #14-1. However, as discussed above, since March 2013, Defendant Rodriguez subsequently engaged in a variety of activities in Missouri establishing his domicile there. If Defendant Rodriguez has ever been domiciled in Illinois, he would have been so domiciled before he was domiciled in Missouri.

To support their contention that Defendant Rodriguez is domiciled in Florida, the Prestige Defendants maintain he no longer lives in Missouri and he no longer has a Missouri bank account. Doc. #14-3, Doc. #14-4. They also assert a Westlaw Next PeopleMap Report shows Defendant Rodriguez's current address is in Florida and that Florida issued him a driver's license on January 21, 2015. Doc. #6-3. Plaintiff responds that the license type was actually a state ID card, and the Prestige Defendants do not dispute this assertion. Regardless, even if Florida issued Defendant Rodriguez a driver's license, the Court would not find this fact – alone – establishes Defendant Rodriguez intended to stay in Florida indefinitely. Additionally, Plaintiff claims he attempted to serve Defendant Rodriguez at his alleged Florida address, was unable to do so, and a person at that Florida address claimed Defendant Rodriguez had moved to Texas. Doc. #12-5.

The Prestige Defendants' evidence may indicate that Defendant Rodriguez is no longer in Missouri and that Defendant Rodriguez does not have an intent to stay in or return to Missouri. The Prestige Defendants' evidence also may indicate that Defendant

3

Rodriguez was present in Florida at the time of filing of the state court petition. However, the Prestige Defendants have failed to present sufficient evidence as to where Defendant Rodriguez has an intent to stay after Defendant Rodriguez departed Missouri. Because Defendant Rodriguez remains a citizen of Missouri until he legally acquires a new state of citizenship, the Court finds Defendant Rodriguez is still considered a citizen of Missouri.

Due to the fact Plaintiff and Defendant Rodriguez are both citizens of Missouri, complete diversity of citizenship does not exist. Thus, the Court lacks subject matter jurisdiction over this matter.

## Conclusion

The Court finds it lacks subject matter jurisdiction, and therefore remands the case to state court for all further proceedings.

IT IS SO ORDERED.

DATE: April 23, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT